{¶ 59} I respectfully dissent in regard to the first assignment of error.
 {¶ 60} Juv. R. 40(D)(4)(d) addresses the trial court's action on objections and provides in relevant part:
 "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."
 {¶ 61} The juvenile was found delinquent by reason of sexual battery in violation of R.C. 2907.03, which provides, in relevant part:
 "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 "* * *
 "(2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired."
 {¶ 62} In this case, the juvenile raised an express objection to the magistrate's finding of delinquency because the juvenile knew or had reason to believe that the victim's ability to appraise the nature of or control her conduct was substantially impaired. The statute does not provide for alternative ways to establish culpability. The juvenile argued in his objections that the magistrate could have premised her finding of delinquency on an alternative not found in the *Page 35 
statute. The trial court, after setting out 21 pages of testimony adduced at the adjudicatory hearing, found that the State proved beyond a reasonable doubt all the elements of the offense of sexual battery. However, the trial court did not discuss the specific matter objected to, i.e., the magistrate's possible premising of her finding of delinquency on a misstatement of the law. Accordingly, the trial court did not comply with the requirements of Juv. R. 40(D)(4)(d) in ruling on the juvenile's objections.
 {¶ 63} Furthermore, the trial court judge found that "there is sufficient testimony to establish that [the juvenile] was aware that [the victim] was probably impaired and therefore, acted with the culpability required to satisfy the definition of Sexual Battery under R.C. 2907.03." As the majority states, R.C. 2901.22(B) states, in relevant part, that "[a] person has knowledge of circumstances when he is aware that such circumstances probably exist." The trial court judge herself is imprecise in her recitation of the law. The statute clearly requires the offender's knowledge of the victim's substantial impairment, not merely impairment, in relation to her ability to appraise the nature of or control her own conduct.
 {¶ 64} The Ohio Supreme Court stated:
 "The phrase `substantially impaired,' in that it is not defined in the Ohio Criminal Code, must be given the meaning generally understood in common usage. As cogently stated by the appellate court, substantial impairment must be established by demonstrating a present reduction, diminution or decrease in the victim's ability, either to appraise the nature of his conduct or to control his conduct. This is distinguishable from a general deficit in ability to cope, which condition might be inferred from or evidenced by a general *Page 36 
intelligence or I.Q. report." State v. Zeh
(1987), 31 Ohio St.3d 99, 103-104.
 {¶ 65} The Eighth District Court of Appeals recently addressed the issue of substantial impairment within a similar context to the instant case:
 "[W]hen reviewing substantial impairment due to voluntary intoxication, there can be a fine, fuzzy, and subjective line between intoxication and impairment. Every alcohol consumption does not lead to a substantial impairment. Additionally, the waters become even murkier when reviewing whether a defendant knew * * * that someone was impaired rather than merely intoxicated." State v. Doss, 8th Dist. No. 88443, 2008-Ohio-449, at ¶ 18.
 {¶ 66} By its very nature, intoxication by alcohol will cause some impairment. To establish its case beyond a reasonable doubt, however, the State in this case had to prove that the juvenile knew of the victim's substantial impairment. I offer no opinion as to whether the State did so in this case. However, the trial court judge adopted the magistrate's finding of delinquency on her own finding that the juvenile was aware that the victim was probably "impaired" without requiring a showing of substantial impairment. I believe that the trial court judge's finding in this regard constitutes a misapplication of the law.
 {¶ 67} Both the magistrate and the trial court judge relied on misstatements of law in finding the juvenile delinquent by reason of sexual battery. As such reliance perpetuates unreasonable and arbitrary decisions, the trial court judge abused her discretion by adopting the magistrate's decision. I would sustain the juvenile's first assignment of error. *Page 1